UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GREAT LAKES REINSURANCE (UK) PLC )
)
v. ) No.:1:13-cv-32
) Mattice/Carter
CEDRIC ORLANDO PAIGE )

# REPORT AND RECOMMENDATION

1. Introduction

Plaintiff moves for entry of default judgment against defendant Cedric Orlando Paige [Doc. 11]. This matter is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1332(a)(2).

Great Lakes Reinsurance PLC (Great Lakes) has filed this action under 28 U.S.C. § 2201 seeking a declaratory judgment that the home owner's policy it issued to defendant for the residence located at 718 Castle Drive, Chattanooga, Tennessee is void *ab initio* pursuant to Tenn. Code Ann. § 56-7-103.

II. Standard of Review

The granting of a motion for default judgment is at all times left within the sound discretion of the court. *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55). Courts have recognized, however, that "[i]t is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the

1

judgment's entry; or similarly, whether a viable cause of action is alleged." *Id.* (citations omitted). *See also Schneller v. Philadelphia Newspapers, Inc.*, 2012 WL 3704758 *1 n. 5 (E.D. Pa. Aug. 28, 2012) ("a litigant's failure to state a claim for which relief can be granted…prevents the presiding court from entering a default judgment."); *Khor Chin Lin v. Hellenbrand*, 1012 WL 3113180 *8 (E.D. Wis. July 31, 2012) ("To obtain default judgment, the plaintiff must have a valid claim in the first place.")

In addition to ensuring that the complaint states a claim for which relief can be granted, *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006, *Parks v. Conley*, 1999 WL 195740 *2 (6th Cir. Mar. 23, 1999); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987), a court should also consider whether the plaintiff has satisfied several procedural requirements before entering default judgment for the plaintiff and against the defendant. First, the plaintiff must properly serve the defendant with process. *Broadcast Music v. Marler*, 2009 WL3785878 *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records America, Inc. v. Bagan,* 2009 WL 2170153 (D.N.J. Jul.21, 2009)).

Second, "the plaintiff must fulfill the procedural obligations of Fed.R.Civ.P. 55. Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *Broadcast Music,* 2009 WL3785878 at *4, (citing *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n. 1 (S.D.Ohio Sep.28, 2004)). "Once the clerk has entered a default, the moving party may then seek entry of a default judgment. ... If the plaintiff's claim is for a sum certain, default judgment will be entered by the clerk, but if damages are uncertain or other relief is sought, the plaintiff must apply to the Court for default judgment." *Broadcast Music,* 2009

WL3785878 at *4, (citing Fed.R.Civ.P. 55(b) and *Keesh Construction, Inc.*, 2004 WL 2536840, at*1 n. 1.)

Third, if the defendant has entered an appearance, then the defendant must be served with notice at least three days before the hearing. *Broadcast Music,* 2009 WL3785878 at *4, Fed.R.Civ.P. 55(b)(2); *Virgin Records,* 2009 WL 2170153, at *1. Fourth, "the plaintiff must submit an affidavit stating that the defendant is not an infant or incompetent person." *Broadcast Music,* 2009 WL3785878 at *4; *Disney Enters. v. Farmer,* 427 F.Supp.2d 807, 815 (E.D.Tenn.2006)).

Fifth, and finally,

> the plaintiff must submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so. Servicemembers Civil Relief Act ("SCRA") § 201(b), 50 U.S.C. app. § 521(b)(1). The SCRA affidavit is a prerequisite to the entry of a default judgment. *Merrill v. Beard,* 2007 WL 461469, at *3 (N.D.Ohio Feb.7, 2007). The affidavit must include more than a "bare assertion" based "upon information and belief," but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service. *Chanel, Inc. v. Adeyemi,* 2009 WL 2590640, at *2 (D.Ariz. Aug.21, 2009) (citing *United States v. Simmons,* 508 F.Supp. 552, 552 n. 1 (D.Tenn.1980)).

*Broadcast Music,* 2009 WL3785878 at *4.

### III. Analysis

Great Lakes avers in its complaint that when the defendant applied for a homeowner's insurance policy with Great Lakes, defendant stated on the application dated September 28, 2010 that he had not had a bankruptcy or lien in the past five years. (Complaint ¶¶ 4.1-4.5). Great Lakes further avers, among other things, that defendant had filed for Chapter 13 Bankruptcy on June 9, 2009 in the United States Bankruptcy Court for the Eastern District of Tennessee and that, at the time he submitted his application, he was under a Chapter 13 Bankruptcy Plan. (Complaint ¶¶ 4.6- 4.7). Great Lakes further avers that a state tax lien was filed against Cedric

Paige on or about May 4, 2009. (Complaint ¶4.8). Finally, Great Lakes avers that it relied on these representations by defendant and agreed to provide insurance for defendant. (Complaint ¶¶ 4.4 -4.5).

Tenn. Code Ann. § 56-7-103 provides,

> No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

Further, "Tennessee case law holds that an insurance policy is void *ab initio* if the applicant executed the application for the policy and such application contained a material misrepresentation…" *Lawhon v. Mountain Life Ins. Co.*, 2011 WL 5829726 *4 (Tenn. Ct. App. Nov. 21, 2011). "While the truthfulness or falsity of a statement is a question of fact, whether 'the false answers materially increased the risk of loss [is] a question of law.'" *Morrison v. Allen*, 338 S.W.3d 417, 428 (Tenn. 2011) (citing *Womack v. Blue Cross & Blue Shield of Tenn.*, 593 S.W.2d 294, 295 (Tenn.1980)). A misrepresentation of a material fact on an insurance application will obviate an insurance company's obligations under an insurance policy, but

> [t]o establish a defense of misrepresentation on an application for insurance, the insurance company must prove by a preponderance of the evidence that the policyholder's representations were:
>
> 1. False; and
>
> 2. Made with the intent to deceive.
>
> In order to establish an intent to deceive it must be proved that the policyholder sought to influence the judgment of the insurance company in issuing the policy. An intent to deceive may be inferred from a knowing and willful misrepresentation.
>
> A person acts "knowingly" if that person desires to act in a particular manner and is aware of the probable consequences of those actions. A person acts "willfully" if that person desires to act in a particular manner and to cause the result that actually occurs.

4

*Rochelle v. Grange Mut. Cas. Co.*, 2012 WL 3104901 *9 (Tenn. Ct. App. July 31, 2012).

Great Lakes has alleged Paige falsely stated on his application that he had not filed bankruptcy or had a lien entered against him in the past five years when, in fact, he had filed for bankruptcy only the year before and had had a tax lien entered on his property. Intent to deceive can be inferred from the fact that Paige would have known he filed bankruptcy in the prior year. It may also be inferred that Paige intended to influence Great Lakes' decision; otherwise, there would have been no reason to lie on the application. Whether an applicant has filed bankruptcy within the past five years would have some bearing on the risk inherent in insuring the applicant's property. Taking the facts as alleged in the complaint as true, the undersigned concludes that defendant made material misrepresentations of fact on his application for homeowner's insurance and the policy is void *ab initio* pursuant to Tenn. Code Ann. § 56-7-103 and Tennessee common law.

The undersigned will now turn to the procedural requirements. The record indicates the defendant has been served with process but has failed to respond in any way, and the Clerk of the Court has entered a default. Counsel for Great Lakes has submitted affidavits indicating defendant is not an infant, incompetent or a member of the military. Since Great Lakes is not seeking damages in this action, no evidentiary hearing is necessary.

## IV. Conclusion

For the reasons stated herein, it is RECOMMENDED Great Lakes' Motion [Doc. 11] be GRANTED and that a declaratory judgment be entered in favor of Great Lakes stating that the homeowner's policy issued by Great Lakes to defendant Cedric Orlando Paige is void *ab initio* and that Great Lakes has no duties or obligations to indemnify or defend any person or entity under the policy.  It is further RECOMMENDED[1] that Great Lakes be awarded the costs of this action.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

<s>Case 1:13-cv-00032-HSM-WBC   Document 15   Filed 01/09/14   Page 6 of 6   PageID #: 129</s>